IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

RONALD EDWARD WILLIAMS,

        Plaintiff,               Civil Action No.
                                                5:13-CV-0422 (NAM/DEP)

    v.

UNITED STATES,

        Defendant.

_____

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFF:

Ronald Edward Williams, *Pro Se*
05122-055
Terre Haute Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Ronald Edward Williams, a federal inmate currently incarcerated at the Terre Haute Federal Correctional Institution ("FCI Terre Haute"), has commenced this action through the submission of a

complaint and supporting documentation.[1] Dkt. Nos. 1-3. However, plaintiff has neither paid the required filing fee nor submitted a motion for leave to proceed *in forma pauperis* ("IFP").

When a civil action is commenced in a federal district court, the statutory filing fee, set at $350 at the time plaintiff filed this action, must ordinarily be paid.[2] 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that he is unable to pay the required filing fee.[3] 28 U.S.C. § 1915(a)(1). Because plaintiff has submitted neither an IFP application nor the required documentation to demonstrate his entitlement to that status, his complaint is subject to dismissal.

---

[1] Although plaintiff appears to have intended this action to be commenced in this court, his complaint references statutes and rules pertaining to the pursuit of adversary proceedings in Bankruptcy Court. Williams does not identify any pending bankruptcy proceeding to which this complaint relates.

[2] Effective May 1, 2013, the Judicial Conference increased the fee for commencing an action in a federal district court from $350 to $400 by adding a $50 administrative fee. Because plaintiff commenced this action prior to the effective date of this increase, the filing fee in this case remains $350.

[3] The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

In deference to his *pro se* status, I recommend that plaintiff be given thirty days to cure this deficiency either by paying the required filing fee or submitting a proper and complete IFP application. In the event that he chooses the latter course, plaintiff is advised that when a prison inmate requests IFP status, his application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with the local rules of practice for this court, a prisoner may satisfy this requirement by submitting a completed, signed, and certified IFP application.[4] N.D.N.Y. L.R. 5.4(b)(1)(A). Local Rule 5.4 further provides that, if the prisoner fails to fully comply with the above-described requirements after being informed by court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.4(b)(2)(A).[5]

---

[4] A "certified" IFP application is one that is completed and signed by an appropriate official at the plaintiff's prison facility. The certificate portion of the IFP application, found on the bottom of page two of the IFP form, requests information regarding funds and/or securities held on the inmate's account over the preceding six months.

[5] Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order." Fed. R. Civ. P. 41(b). It is well-settled that the phrase

Based upon the foregoing, and the court's review of this matter, it is hereby

RECOMMENDED that the court issue an order, as follows:

(1)     Plaintiff is directed, within thirty days of the date of this order, to either pay the required $350 filing fee in this action, or, alternatively, submit to the court a full and complete application for leave to proceed *in forma pauperis*.

(2)     In the event that plaintiff files a motion for leave to proceed IFP, the clerk of the court is respectfully requested to return the matter to Magistrate Judge David E. Peebles for further review.

(3)     In the event that plaintiff fails to provide either the required filing fee or an application for leave to proceed *in forma pauperis* within thirty days of the date of this order, plaintiff's complaint will be dismissed by the court without the requirement of a further court order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.

---

"these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure, but also to the local rules of practice for this court. *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (Kahn, J.).

4

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

    It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the plaintiff in accordance with this court's local rules.

Dated:    June 7, 2013
             Syracuse, New York

             David E. Peebles
             U.S. Magistrate Judge