UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD EDWARD WILLIAMS,

        Plaintiff,

vs.

        5:13-CV-422 (NAM/DEP)

UNITED STATES OF AMERICA,

        Defendant.
_____

APPEARANCES:        OF COUNSEL:

Ronald Edward Williams, *Pro Se*
05122-055
Terre Haute Federal Correctional Institution
P.O. Box 33
Terre Haute, Indiana 47808

**Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

I.    INTRODUCTION

Plaintiff commenced the present action on April 15, 2013. In the words of the assigned Magistrate Judge in this matter, his "complaint is far from a model of clarity. It suggests that this action is commenced under Rule 7001 of the Federal Rules of Bankruptcy Procedure, but it fails to identify a related bankruptcy proceeding." Liberally construed, the complaint generally alleges that the United States engaged in a fraudulent transfer of plaintiff's property pursuant to 28 U.S.C. §§ 2041-2043, and that the transfer relates to a criminal action pending against plaintiff in this district. However, plaintiff neither paid the required filing fee nor submitted a motion for leave to proceed *in forma pauperis* ("IFP") with his complaint. Plaintiff filed a motion for IFP status on September 16, 2013.

Defendants' motion for IFP status was referred to the Hon. David E. Peebles, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636 (b) (1) (B) and Local Rule 72.3 (c). Magistrate Judge Peebles recommended that plaintiff's motion be denied. Plaintiff filed timely objections to the Report-Recommendation.

Pursuant to 28 U.S.C. § 636 (b) (1) (C), this Court engages in a *de novo* review of any part of a magistrate judge's report-recommendation to which a party specifically objects. Failure to object timely to any portion of a magistrate's report-recommendation operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Secretary of Health & Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989).

II.     FACTUAL BACKGROUND

The facts of this case are set forth in the Report-Recommendation prepared by Magistrate Judge Peebles which this Court adopts:

> In this case, as of April 15, 2013, the date upon which this action was commenced, plaintiff had accrued three dismissals . . .qualifying as strikes under . . . [28 U.S.C. §] 1915 (g). Plaintiff accrued his first strike in *Williams v. Annucci*, No. 10-CV-0836 (N.D.N.Y. filed on July 9, 2010) (Hurd, J.). District Judge David N. Hurd dismissed the case, on December 6, 2010, upon finding that plaintiff's complaint, "as presented to the Court, cannot be supported by an arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e) (2) (B) and 1915A for failure to state a claim." *Annucci*, No. 10-CV-0836, Decision and Order (Dkt. No. 5) at 8. Plaintiff accrued his second strike in *Williams v. Gould*, No. 11-CV-1501 (N.D.N.Y. filed on Dec. 21, 2011) (Hurd, J.). In that case, Judge Hurd again dismissed plaintiff's amended complaint on July 31, 2012, pursuant to 28 U.S.C. §§ 1915 (e) (2) (B) and 1915A. *Gould*, No. 11-CV-1501, Decision and Order (Dkt. No. 13) at 7. Plaintiff accrued a third strike on January 14, 2013, when the Second Circuit dismissed his appeal in Gould, No. 11-CV-1501, "because it lacks an arguable basis in law or fact." *Gould*, 11-CV-1501, Mandate (Dkt. No. 18).

III.    THE REPORT-RECOMMENDATION

Magistrate Judge Peebles recommends denial of plaintiffs motion for IFP status because plaintiff accrued three strikes under section 28 U.S.C. § 1915 (g) four months prior to filing the instant complaint, and thus is not permitted to proceed IFP in this action.

Plaintiff objects to the Report-Recommendation on the ground that venue and jurisdiction are "appropriate" in the "Bankruptcy Court." Notably, plaintiff does not raise any factual or legal objections to the Magistrate Judge's "three strikes" analysis.

Having conducted a *de novo* review of the record, the Court agrees with the determination of the Magistrate Judge that plaintiff's motion for IFP status should be denied for the reasons stated in the Report-Recommendation.

IV. DISCUSSION

28 U.S.C. § 1915 (a) (1), section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
> 28 U.S.C. § 1915 (g).

The manifest intent of Congress in enacting this "three strikes" provision was to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007) (citing *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997)); *accord, Gill v. Pidlychak*, No. 02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J., adopting report and recommendation by Treece, M.J.). The prophylactic effect envisioned under section 1915 (g) is accomplished by requiring a prisoner who has accumulated three strikes to engage in the same cost-benefit analysis before filing suit as other civil litigants engage in – that is, the

3

provision forces inmates to assess whether the result sought to be achieved justifies the filing fee expenditure. *See Tafari*, 473 F.3d at 443.

The Second Circuit has defined a frivolous claim as one that "lacks an arguable basis either in law or in fact." *Tafari*, 473 F.3d at 442 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). To determine whether a dismissal satisfies the failure-to-state-a-claim prong of section 1915, courts look to Fed. R. Civ. P. 12 (b) (6) for guidance. *See Tafari*, 473 F.3d at 442. The question of whether the dismissal of a prior action constitutes a strike for purposes of section 1915(g) is a matter of statutory interpretation. *See id.*

As a safety valve, section 1915(g) provides that a prisoner who is in "imminent danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g). 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). In accordance with this exception, an inmate who has had three prior "strikes" but nonetheless wishes to commence a new action IFP must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *See Malik*, 293 F.3d at 562-63. An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *See Johnson v. Barney*, No. 04-CV-10204, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

For a three-strikes litigant to qualify for the imminent danger exception, his complaint

4

"must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). When determining whether the requisite relationship is present a court must examine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is **fairly traceable** to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would **redress** that injury." *Id.* at 299 (emphasis in original).

The term "serious physical injury," as utilized in section 1915 (g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]" *Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C. 2006). In deciding whether to invoke the exception, a court must examine the available pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury. *See McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

In this case, plaintiff does not raise any factual or legal objections to the Magistrate Judge's meticulous "three strikes" analysis. Thus, these prior dismissals are deemed to count as "strikes" under section 1915 (g). As a further matter, as noted in the Report-Recommendation, plaintiff does not assert any factual claim concerning a physical injury or the danger of imminent harm. Thus, this Court agrees with the Magistrate Judge's determination that the imminent danger exception does not apply.

V. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Report-Recommendation of Magistrate Judge Peebles (Dkt. # 13) is hereby adopted in its entirety; and it is therefore

5

ORDERED that based upon the reasons set forth by the Magistrate Judge in his Report-Recommendation plaintiff's motion for IFP status (Dkt. #12) is DENIED, and it is further

ORDERED that shall pay the full filing fee of $400 no later than thirty days from the date of this Order. Plaintiff is advised that his failure to pay the full filing fee will result in dismissal of this action without further action by the court

ORDERED that the Clerk of the Court shall serve a copy of this Order upon all parties by electronic or regular mail and the Magistrate Judge assigned to this case.

IT IS SO ORDERED.

Dated: March 13, 2014
      Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge